United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDGAR MARROQUIN,

    Plaintiff,

v.

MS. HELEN; et al.,

    Defendants.

                                       /

No. C 12-617 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Edgar Marroquin, an inmate currently housed at Ironwood State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining about events and omissions that occurred at Salinas Valley State Prison, where he was housed earlier. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Marroquin complains about the response of prison officials to his medical needs. He alleges the following in his complaint: Marroquin fractured his elbow while playing in the recreation yard at Salinas Valley State Prison at about 10:00 a.m. on Saturday, June 26, 2010. He was taken to the prison's medical clinic, where nurse Helen failed and refused to provide treatment for his fractured elbow, which was very painful. Nurse Helen did not refer him to a medical doctor or orthopedic surgeon, and sent him back to his cell without any medical treatment. At about 1:00 p.m. that same day, Marroquin returned to the clinic "begging" for help

1 due to the pain he was experiencing. Docket # 1, p. 6. He again was refused medical treatment
2 by nurse Helen and sent back to his cell. Nurse Helen was dismissive toward his complaints of
3 pain and said she thought he was "faking." *Id.* Marroquin's complaint indicates that nurse Helen
4 told him that the emergency room doctor would not examine and treat him on a weekend
5 because his condition was not an emergency; Marroquin was informed him that he would have
6 to wait for a weekday to see a doctor.[1]

On Sunday, June 27, Marroquin went to the medical gate to obtain help for his pain and was told to "get out of here" by some unidentified individual. Docket # 1, p. 8.

On Monday, June 28, Marroquin went to the medical clinic for treatment. His elbow was x-rayed and it was determined that he had a fracture and a bone chip. His arm was splinted and he was given medication for pain. Marroquin continued to have pain thereafter. He states that physical therapy causes pain and he is still taking pain medication. *Id.* at 5.

Exhibits to the complaint show abundant encounters with medical staff for care of his elbow problems. He has seen doctors and other health care providers numerous times, has had multiple x-rays of his elbow, has received various pain medications, has received physical therapy for his elbow, was seen by an outside orthopedic surgeon, and has had an MRI.

## DISCUSSION

A.   Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss

---

[1] Although the court accepts for pleading purposes Marroquin's allegations that nurse Helen was dismissive and sent him away without any treatment, an exhibit attached to the complaint suggests otherwise. The "encounter form: musculoskeletal complaint (non-traumatic)" filled out for Marroquin on June 26, 2010, reflects that the patient was examined and was found to have pain and tenderness, his elbow hurt to bend, and had "cap refill <2" and "good radial pulse." Docket # 1-2, p. 2. The form further reflects that the patient was instructed to (a) take acetaminophen as needed for pain, (b) apply ice, and (c) resubmit a health care service request form if symptoms persisted, or there was an increase in swelling or pain, or a decreased range of motion. *Id.* The form also has a notation, "RN line Monday to F/U ? x-ray," which suggests he was going to have a follow-up appointment with possible x-rays on Monday. *Id.*

2

any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the complaint states a cognizable § 1983 claim against nurse Helen for deliberate indifference to Marroquin's serious medical needs based on her alleged refusal to provide any treatment or access to a doctor for Marroquin on the day he fractured his elbow.

Although the complaint states a claim against nurse Helen, it otherwise fails to state a claim for relief. There are numerous problems with Marroquin's complaint that he must attempt to cure in his amended complaint. Marroquin is not a lawyer, and need not try to write like what he thinks a lawyer writes like. Among other things, it is unclear from the wordy complaint whether Marroquin is attempting to assert numerous theories of liability all stemming from the response to his fractured elbow for the first two days after he fractured it or wants to complain about responses to his medical needs beyond those of the weekend he fractured his elbow. His pleadings will be liberally construed because he is a *pro se* litigant, so he should focus on the facts – trying to write a clear and simple description of what occurred in his amended complaint (i.e., describing what happened or failed to happen, who caused it, when the events occurred, and any resulting injury). In the following paragraphs, the court will explain why no claims are

3

stated other than the one claim against nurse Helen. Marroquin should file an amended complaint if he has additional information to plead that may allow him to overcome the problems discussed below.

First, the allegations of the complaint, even liberally construed, do not suggest deliberate indifference by anyone other than nurse Helen that weekend. The complaint does not allege that any other defendant knew of and disregarded a serious risk of harm to Marroquin that weekend. To the contrary, the allegations in the complaint suggest that no one else learned of Marroquin's need for care because nurse Helen did not perceive his situation to be an emergency and sent him back to his cell without treatment. Although Marroquin alleges that nurse Helen, nurse Jenny and Doe # 3 (the physician on duty) "did not arrange for plaintiff to be treated immediately, or transported to the nearest hospital emergency room" (Docket # 1, p. 9), he does not allege that the latter two defendants were even aware of his condition. A defendant cannot be said to be deliberately indifferent to a medical need of which he/she was unaware.

Second, the complaint also does not allege facts suggestive of deliberate indifference to medical needs *after* the weekend he fractured his elbow. Although Marroquin alleges that he continues to experience pain from the elbow, the existence of pain does not itself demonstrate an Eighth Amendment violation. His exhibits show abundant encounters with medical staff for care of his elbow problems, as well as diagnostic tests, physical therapy and the provision of pain medications.

Third, the allegations that the administrative appeals were not properly handled do not state a due process claim against any defendant. There is no constitutional right to a prison or jail administrative appeal or grievance system in California. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs. tit. 15, §§ 3084.1. Marroquin had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process.

Fourth, the allegations regarding the handling of his administrative appeals also do not

4

state a claim for deliberate indifference to medical needs because the fractured elbow had been addressed by the time the administrative appeals were processed. The handling of an administrative appeal might give rise to Eighth Amendment liability where there is an ongoing unmet medical need, but that does not appear to be the case here because Marroquin was receiving care within two days (at the latest) after he fractured his elbow. The handling of the later-filed administrative appeals would not affect the course of care (or absence of care) that already had occurred.

Fifth, a claim is not stated against G. Ellis, the CEO for the Salinas Valley medical department. Ellis has no liability based on a respondeat superior theory because there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (no respondeat superior liability for municipalities). Ellis also has no supervisory liability on the allegations of the complaint. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Finally, Marroquin's failure-to-train-and-supervise allegations against Ellis are inadequate. Marroquin alleges that Ellis failed to properly train and supervise medical personnel, but does not allege that Ellis played any role in his medical care. Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-83 (2009) (noting no vicarious liability under § 1983 or *Bivens* actions). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies

and procedures that led to the violation, without alleging "a *specific* policy" or "a *specific* event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012) (emphasis in original). The conclusory allegations against Ellis do not plausibly establish his personal involvement in the alleged constitutional violations. In his amended complaint, Marroquin must allege facts showing a basis for liability for Ellis.

Sixth, Marroquin apparently does not understand Doe defendants. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), some situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. While the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. When a plaintiff knows a defendant's identity, that defendant should be referred to by name and not referred to by both name and as a Doe defendant. Here, Marroquin refers to nurse Helen as "Ms. Helen, Doe # 1 one" who is a "registered nurse." *See* Docket # 1, p. 3. Since he knows at least her first name and position, he can refer to her as nurse Helen, and need not also refer to her as a Doe defendant. By referring to her both by name and as a Doe defendant, he creates confusion as to whether he is speaking of one person or two persons. Similarly, nurse Jenny is not properly designated as Doe # 2 because he knows at least her first name and position.

B.  <u>Request For Appointment Of Counsel</u>

Plaintiff has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together

6

before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 2.)

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **June 22, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of all defendants and claims other than the deliberate indifference claim against nurse Helen.

IT IS SO ORDERED.

Dated: May 16, 2012

_____
SUSAN ILLSTON
United States District Judge

7