UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDGAR MARROQUIN,

    Plaintiff,

    v.

MS. HELEN,

    Defendant.

Case No. 12-cv-0617-JST (PR)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 26

Edgar Marroquin, a California prisoner proceeding pro se and currently incarcerated at Ironwood State Prison, filed the instant civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was incarcerated at Salinas Valley State Prison ("SVSP"). Marroquin alleges that Nurse Helen ("defendant") was deliberately indifferent to a serious medical need when she refused to provide treatment for plaintiff's fractured elbow.

Now before the Court is defendant's motion for summary judgment. Marroquin did not file any opposition to the motion, and the deadline by which to do so has passed.

**FACTUAL BACKGROUND[1]**

Marroquin fractured his left elbow while playing in the recreation yard at Salinas Valley State Prison at about 10:00 a.m. on Saturday, June 26, 2010. (Dkt. No. 1 at 5.) He was taken to the prison's medical clinic, where he alleges that he was refused treatment for his fractured elbow, which was very painful. (Id. at 5-6.) Nurse Helen did not refer him to a medical doctor or orthopedic surgeon, and sent him back to his cell without any medical treatment. (Id. at 5-6.) At

---

[1] The following facts, unless otherwise noted, are undisputed.

about 1:00 p.m. that same day, Marroquin returned to the clinic "begging" for help due to the pain he was experiencing. (Id. at 6.) Nurse Helen was dismissive toward his complaints of pain and said she thought he was "faking." (Id.) Marroquin's complaint indicates that defendant told him that the emergency room doctor would not examine and treat him on a weekend because his condition was not an emergency; Marroquin was informed him that he would have to wait for a weekday to see a doctor. (Id.)

According to defendant's medical notes, at the time defendant saw Marroquin, Marroquin was awake, alert, and had good vital signs. (Decl. Thornton at ¶ 2; Dkt. No. 1, Ex. B.) Marroquin complained that, on a scale on 1 to 10, his pain level was at a 10. (Dkt. No. 1, Ex. B.) He also complained of numbness in his fingers, and his left elbow appeared tender. (Id.) Defendant noted that Marroquin had a "good radial pulse," and his "capillary refill was less than two seconds." (Decl. Thornton at ¶ 2; Dkt. No. 1, Ex. B.) Marroquin's physical exam showed no "neurovascular compromise or other emergent condition." (Decl. Thornton at ¶ 2.) Defendant called the emergency room regarding Marroquin's condition, and the staff at the emergency room told defendant that Marroquin's symptoms did not warrant emergency treatment. (Id. at ¶ 3.) Defendant was told that Marroquin should return for a follow-up on Monday, June 28, 2010, for an x-ray and further evaluation. (Id.) Defendant relayed that message to Marroquin, and provided him with an ice pack and an ace-bandage. (Id. at ¶ 4; Dkt. No. 1, Ex. B.) Defendant also gave Marroquin acetaminophen for pain. (Id.) Marroquin said he understood, and walked out of the clinic in a stable condition. (Decl. Thornton at ¶ 4.)

On Sunday, June 27, 2010, Marroquin went to the medical gate to obtain help for his pain and was told to "get out of here" by some unidentified individual. (Dkt. No. 1 at 8.)

On Monday, June 28, 2010, Marroquin returned to the medical clinic for treatment. His elbow was x-rayed and it was determined that he had a hairline fracture and a small bone chip. (Decl. Bridgnell at ¶ 4.) Marroquin's arm was splinted and he was given Tylenol with codeine for

2

pain. (Id. at ¶ 5.) Marroquin continued to have pain thereafter. He states that physical therapy causes pain and he is still taking pain medication. (Dkt. No. 1 at 5.)

Exhibits to the complaint show abundant encounters with medical staff for care of his elbow problems. He has seen doctors and other health care providers numerous times, has had multiple x-rays of his elbow, has received various pain medications, has received physical therapy for his elbow, was seen by an outside orthopedic surgeon, and has had an MRI.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See id.

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Id. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" See id. at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987).

A verified complaint may be used as an opposing affidavit under Rule 56, provided it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated, under penalty of perjury, contents were true and correct, and allegations were not based purely on information and belief but rather on personal knowledge). Here, plaintiff's verified complaint is considered in opposition to the motion for summary judgment.

## II.     Analysis

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). The "existence of chronic and substantial pain [is an] . . .

4

indication[] that a prisoner has a 'serious' need for medical treatment." Id. at 1060.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

A showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctor chose was medically unacceptable under the circumstances and that he chose this course in conscious disregard of an excessive risk to plaintiff's health. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Even assuming that Marroquin had a serious medical need, there is no genuine issue of material fact in dispute about whether defendant exhibited deliberate indifference with regard to Marroquin's fractured elbow. Although Marroquin's allegation creates a genuine dispute as to whether he had a "serious" medical need, see McGuckin, 974 F.2d at 1060, Marroquin has not come forward with any evidence to show that defendant had the requisite state of mind for a deliberate indifference claim.

Marroquin complains that defendant failed to refer him to an orthopedic specialist, or to send him to a doctor, or to order x-rays. However, defendant was told by the emergency room

staff that Marroquin's condition did not warrant immediate treatment, and that Marroquin should return two days later for a follow-up and an x-ray. Marroquin's mere disagreement with this decision does not establish deliberate indifference. See Franklin, 662 F.2d at 1344 (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim"). Marroquin fails to provide evidence that defendant's decision was medically unacceptable or that defendant denied plaintiff alternative treatment, in conscious disregard of Marroquin's health.

In support of his motion for summary judgment, defendant has submitted a declaration stating that, based on her examination of Marroquin and her consultation with the emergency room staff, defendant believed that she provided Marroquin with the appropriate treatment. (Decl. Thornton at ¶ 5.) Further, the doctor who provided treatment to Marroquin that following Monday supplied a declaration, stating that after reviewing Marroquin's medical files regarding the fractured elbow, he believed that defendant's treatment of Marroquin was reasonable under the circumstances. (Decl. Bridgnell at ¶ 6.)

Moreover, there is an absence of evidence that any harm resulted from the delay of two to three days between the time defendant saw Marroquin until the time that Marroquin was seen by a doctor and received x-rays. See, e.g., Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002) (plaintiffs could not prove Eighth Amendment violation in class action because they "have not demonstrated that delays occurred to patients with [dental] problems so severe that delays would cause significant harm and that defendants should have known this to be the case").

Marroquin has produced no evidence to dispute defendant's evidence. Marroquin's claim of deliberate indifference is based entirely on his own opinion with no support in the record. Based on the record, the court concludes that no reasonable inference can be drawn that defendant knew that Marroquin was faced with a substantial risk of harm if he was not given seen by a doctor or received x-rays earlier, nor that defendant disregarded a substantial risk of harm. *See*

6

*Farmer*, 511 U.S. at 837.  At most here, Marroquin has a difference of opinion as to defendant's treatment of him.  However, Marroquin has provided nothing to suggest that defendant's actions or inactions were medically unacceptable under the circumstances, or that her decisions were chosen in conscious disregard to Marroquin's health.  *See id.*

Accordingly, there is no genuine factual dispute as to whether defendant was deliberately indifferent to Marroquin's medical needs in violation of the Eighth Amendment.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

The Clerk shall enter judgment and close the file.

This order terminates Docket No. 26.

**IT IS SO ORDERED**.

Dated:  January 28, 2014

JON S. TIGAR
United States District Judge